IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| JOHN P. CREED, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|         v. | )   1:12cv317 (JCC/IDD) |
| | ) |
| GLENDELL HILL, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendants Glendell Hill, Charles Land, Peter Meletis, and Prince William-Manassas Regional Jail Board's (collectively, "Defendants") Objection [Dkt. 33] to United States Magistrate Judge Ivan Davis' Ruling and Order granting Plaintiff's Motion to Amend (the "Objection"). For the following reasons, the Court will sustain Defendants' Objection.

**I. Background**

    A.   <u>Factual Background</u>

Plaintiff John Creed ("Plaintiff") brought this action after his brother, William Creed ("Creed"), died while in custody at the Prince William-Manassas Regional Adult Detention Center (the "ADC") on February 3, 2006. Creed, who had been detained for larceny and was exhibiting signs of mental instability, allegedly became combative and resistant during a

1

medical examination before his planned transfer from the ADC to Western State Hospital for involuntary commitment. (Third Am. Compl. ("TAC") [Dkt. 28] ¶¶ 14, 25, 34-36.) Certain jail guards restrained Creed. (TAC ¶ 37.) Creed was placed in a choke hold and then stopped breathing. (*Id.*) The autopsy report noted Creed's cause of death as "acute stress-induced cardiac arrhythmia due to acute restraint-induced asphyxia and blunt trauma." (TAC ¶ 41.)

### B. Procedural Background

Plaintiff originally filed suit in the Circuit Court of Prince William County on February 1, 2008. Defendants were never served with this complaint. On June 30, 2008, Plaintiff filed an Amended Complaint. (1:08cv862 [Dkt. 1].)[1] The defendants named in the Amended Complaint included the Commonwealth of Virginia (the "Commonwealth"), Prince William County Sheriff Glendell Hill ("Hill"), ADC Superintendent Charles Land ("Land"), ADC Director of Inmate Services Peter Meletis ("Meletis"),[2] and various unknown John Does (the "John Doe Defendants"). (*Id.* Ex. A ¶¶ 2-7.) Plaintiff alleged negligence pursuant to the Virginia Tort Claims Act ("VTCA") against the Commonwealth of Virginia, gross negligence and willful and wanton negligence against all defendants, and

---

[1] This case is before the Court for a second time, having been remanded to state court but later re-removed. On its previous sojourn in this Court, the case had a different case number. References to filings made prior to remand will reflect that case number.
[2] Hill, Land, and Meletis are collectively referred to herein as the "Supervisor Defendants."

violations of 42 U.S.C. § 1983 against the John Doe Defendants and Supervisor Defendants. Defendants were served with the Amended Complaint on August 6, 2008.

On August 21, 2008, the Supervisor Defendants filed a petition for removal premised on federal question jurisdiction. (*Id.*) Both Plaintiff and the Commonwealth objected to removal and moved for remand. (1:08cv862 [Dkts. 4, 9].) On January 12, 2009, this Court remanded the case to state court. (1:08cv862 [Dkt. 24].) The Court held that the Commonwealth was not a nominal party to the action and that its objections precluded removal. *See Creed v. Virginia*, 596 F. Supp. 2d 930, 935 (E.D. Va. 2009).

Plaintiff filed a Second Amended Complaint in Prince William County Circuit Court on April 30, 2009. [Dkt. 1-2.] The defendants named in the Second Amended Complaint included the Commonwealth, the ADC, the Supervisor Defendants, the Prince William-Manassas Regional Jail Authority (the "Jail Authority"), the Prince William-Manassas Regional Jail Board (the "Jail Board"), and the John Doe Defendants. On March 10, 2010, Plaintiff filed a Motion for Leave to File an Amended Complaint to Substitute the Names of Certain Defendants (the "Motion to Amend"). [Dkt. 17-1.] In this motion, Plaintiff sought to add certain jail guards as defendants in place of the John Doe Defendants.

On March 16, 2012, the state court entered a non-suit order, dismissing the Commonwealth as a defendant. [Dkt. 1-1.] With the Commonwealth no longer a party, the Supervisor Defendants, along with the Jail Board, Jail Authority and ADC, filed a second petition for removal on March 21, 2012. [Dkt. 1.] Prior to that time, no decision had been made on Plaintiff's Motion to Amend. On April 23, 2012, Plaintiff filed a renewed Motion to Amend in this Court. [Dkt. 16.] Defendants filed an opposition to the Motion to Amend on May 1, 2012 [Dkt. 20], to which Plaintiff replied on May 4, 2012 [Dkt. 24]. On May 11, 2012, Judge Davis granted Plaintiff's Motion to Amend. [Dkt. 27.]

Plaintiff filed a Third Amended Complaint on May 14, 2012. [Dkt. 28.] In the Third Amended Complaint, Plaintiff added nineteen individuals as defendants (collectively, the "Individual Defendants"),[3] at the same time continuing to name various unknown individuals as John Doe Defendants. He also withdrew the ADC and the Jail Authority as defendants in this case. Plaintiff's claims include: (1) negligence against the Jail Board (Count One); (2) gross negligence and willful and wanton negligence against all defendants (Counts Two and Three); (3) a Section 1983 claim against the Individual Defendants and

---

[3] These individuals include Otis Whitehead, Kevin Delaney, Ralph Justice, Terry Short, Harry Sepulveda, David Beard, Mary Ann Husk, Barclay Duegaw, Jason Lee Kohne, David Wright, Andrew Arnold, Peter Sloper, William Smith, Jason Allen, Sonny Bettis, Robert Hendricks, Tracy Allen, Wayne Wynkoop, and Carl Larry.

4

John Doe Defendants (Count Four); and (4) a Section 1983 supervisory liability claim against the Supervisor Defendants (Count Five).

On May 18, 2012, Defendants filed an Objection [Dkt. 33] to Judge Davis' Ruling and Order granting Plaintiff's Motion to Amend. Plaintiff filed an opposition on May 31, 2012, [Dkt. 39] to which Defendants replied on June 4, 2012 [Dkt. 40]. Defendants' Objection is before the Court.

## II. Standard of Review

Federal Rule of Civil Procedure 72(a) permits a party to submit objections to a magistrate judge's ruling on non-dispositive matters. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see also Fed. Election Comm'n v. The Christian Coal.*, 178 F.R.D. 456, 459-60 (E.D. Va. 1998) (citing *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990)). Only if a magistrate judge's decision is "clearly erroneous or contrary to law" may a district court modify or set aside any portion of the decision. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). A court's "finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Harman v. Levin*, 772 F.2d 1150, 1152 (4th Cir. 1985). The leading

treatise on federal practice and procedure describes the alteration of a magistrate's non-dispositive order as "extremely difficult to justify." 12 Charles Alan Wright, *et al.*, Federal Practice and Procedure § 3069 (2d ed. 1997).

### III. Analysis

Defendants object to Judge Davis' Ruling and Order granting Plaintiff's Motion to Amend. "[L]eave to amend a complaint under Federal Rule of Civil Procedure 15(a) should be freely given, unless the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Steinburg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008) (citations and internal quotation marks omitted). In granting Plaintiff's Motion to Amend, Judge Davis held that the addition of the Individual Defendants in Plaintiff's Third Amended Complaint was not unduly prejudicial. (Tr. [Dkt. 36] 47:18-22.) He also held that, although the claims against the Individual Defendants were asserted outside the applicable limitations period, amendment was not futile because those claims related back to Plaintiff's original complaint. Defendants contend that Judge Davis erred in both respects.

The Court begins by addressing the issue of relation back. The parties agree that a two-year statute of limitations

applies to the claims which Plaintiff now asserts against the Individual Defendants.[4] Plaintiff's claim accrued on February 3, 2006, when Creed sustained personal injuries and ultimately died. *See* Va. Code § 8.01-230. Plaintiff filed his original complaint on February 1, 2008 -- two days before the statute of limitations expired. As noted above, Plaintiff never served this complaint. Rather, he filed an amended complaint on June 30, 2008, which was served on August 6, 2008. Because the claims against the Individual Defendants in the Third Amended Complaint were asserted outside the two-year limitations period, they are untimely, and amendment is futile, unless they relate back to Plaintiff's original complaint.

Pursuant to Federal Rule of Civil Procedure 15(c)(1)(C), an amended complaint which adds a new party may relate back to the original complaint where three requirements are met: (1) the claim against the new party arose out of the same conduct, transaction, or occurrence set forth in the original pleading; (2) within the period provided by Rule 4(m) for service of the summons and complaint (ordinarily 120 days from when the complaint is filed), the new defendant received such notice of the action that it will not be prejudiced in

---

[4] In Virginia, negligence claims involving personal injuries are governed by the two-year statute of limitations for personal injury actions. Va. Code § 8.01-243(A); *Laws v. McIlroy*, --- Va. ----, 724 S.E.2d 699, 702 (Va. 2012). There is no federal statute of limitations for Section 1983 claims, so the two-year statute of limitations for personal injury actions is applied there as well. *Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 735 (4th Cir. 1991).

maintaining a defense; and (3) within the same period, the new defendant knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against that party. Fed. R. Civ. P. 15(c)(1)(C). The plaintiff bears the burden of establishing all three requirements. *See Garvin v. City of Philadelphia*, 534 F.3d 215, 222 (3d Cir. 2003).

The parties do not dispute that the first requirement is satisfied in this case. Defendants, however, contend that Plaintiff cannot meet the second and third requirements.[5] In finding the requirements for relation back satisfied, Judge Davis concluded that Plaintiff had sufficiently established an identity of interest between the Individual Defendants and the Supervisor Defendants, such that constructive notice of this action existed by means of the identity of interest theory. Judge Davis also noted that there was insufficient information before him to conclude that the Individual Defendants had actual

---

[5] The Fourth Circuit has held that in cases involving the substitution of John Doe defendants, the notice requirement of Rule 15(c)(1)(C) provides adequate protection to the new party. *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 472 (4th Cir. 2007) ("[W]hen a person is provided notice within the applicable limitations period that he would have been named in the timely filed action but for a mistake, the good fortune of a mistake should not save him."). The Fourth Circuit reasoned that Rule 15(c)(1)(C)'s "emphasis on notice, rather than on the type of 'mistake' that has occurred, saves the courts not only from an unguided and therefore undisciplined sifting of reasons for an amendment but also from prejudicing would-be defendants who rightfully have come to rely on the statute of limitations for repose." *Id.* at 473. Thus, Defendants' contention that Plaintiff cannot meet Rule 15(c)(1)(C)'s "mistake" requirement is misplaced. Plaintiff need only demonstrate that the Individual Defendants had notice of the action within the applicable limitations period.

notice or that constructive notice existed by virtue of the shared attorney theory.[6]

The Court finds that Judge Davis' conclusion that Plaintiff satisfied Rule 15(c)(1)(C)'s notice requirement was clearly erroneous and contrary to law. As the text of Rule 15(c)(1)(C) states, the party sought to be added must receive notice of the action within the period provided for by Rule 4(m), which is typically 120 days from the filing of the original complaint.[7] *See Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010) ("The 'limitation period' for purposes of analyzing whether the newly added defendant received notice and should have had knowledge of the action is the Federal Rule of Civil Procedure 4(m) service period []. Rule 4(m) requires service of the summons and complaint within 120 days of the complaint's filing, unless good cause is shown for extending the service.")

---

[6] The identity of interest and shared attorney theories are vehicles by which actual notice to one party is imputed to another party. "Identity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *Singletary v. Pa. Dep't of Corrections*, 266 F.3d 186, 197 (3d Cir. 2001) (quoting 6A Charles Alan Wright *et al.*, Federal Practice & Procedure § 1499, at 146 (2d ed. 1990)). The shared attorney theory is related to the identity of interest theory, and is based on the notion that when the original party and the new party are represented by the same attorney, "the attorney is likely to have communicated to the latter party that he may very well be joined in the action." *Id.* at 196.

[7] Plaintiff originally filed his Motion to Amend in state court, and then renewed it in this Court following removal. The parties agree that Rule 15(c)(1)(C) applies here. It bears mentioning, however, that Virginia Code § 8.01-6 appears to be more restrictive than its federal counterpart, requiring notice to the new defendant "within the limitations period prescribed for commencing the action." Va. Code § 8.01-6.

Assuming that an identity of interest does exist between the Supervisor Defendants and the Individual Defendants, the Individual Defendants were not placed on constructive notice within Rule 4(m)'s 120-day period, given that the Supervisor Defendants did not receive service, and hence notice, of Plaintiff's action until more than six months after the original complaint had been filed.[8]  In this vein, the Supreme Court's decision in *Schiavone v. Fortune*, 477 U.S. 21 (1986), is instructive.  There, the plaintiffs filed actions prior to the applicable limitations period, but served the defendant afterwards.  *Id.* at 25.  The plaintiffs sued the wrong entity, Fortune, and later sought leave to amend to name the correct entity, Time.  *Id.* at 23.  The Supreme Court held that even if it were to accept the identity of interest theory, and even if Fortune could properly be named a defendant, relation back would not be permitted because neither entity received notice of the filing until after the applicable limitations period had run,

---

[8] In his Motion to Amend, Plaintiff contended that the Supervisor Defendants have been aware of this action since it was originally filed, but offered no colorable support for this assertion.  Plaintiff cited to a letter dated May 1, 2006, which reflects that Land notified Virginia's Department of Treasury of a "potential claim" under the Virginia Constitutional Officer Risk Management Plan, VaRISK.  (Mem. [Dkt. 17] at 8 n.5.)  And, Plaintiff noted that he gave the statutorily required notice of claim to the Virginia Division of Risk Management and the Office of the Attorney General on January 3, 2007.  Both of these letters are dated well before the commencement of this action, which occurred on February 1, 2008.  (*Id.*)  Importantly, Rule 15(c)(1)(C)'s notice requirement pertains to an existing action, not a potential one.  *Cf. Goodman*, 494 F.3d at 472 ("[W]hen a person would reasonably believe that the time for filing suit had expired, without having been given notice that it should have been named in an *existing* action, that person is entitled to repose.") (emphasis added).  Of course, the Supervisor Defendants could not have had notice of an existing action before it was actually filed.

10

and thus "there was no proper notice to Fortune that could be imputed to Time." *Id.* at 29. Rule 15 was amended in 1991 to require notice to the new party within the period provided by Rule 4(m) as opposed to the limitations period for commencing the action, as in *Schiavone*. *See* Fed. R. Civ. P. 15(c) Advisory Committee Notes (1991 Amendment). However, the Supreme Court's reasoning still applies here, given that the Supervisor Defendants did not receive notice of Plaintiff's action within 120 days of the filing of the original complaint, as prescribed by current Rule 15(c)(1)(C). Thus, as in *Schiavone*, there was no proper notice to the Supervisor Defendants to impute to the Individual Defendants. Plaintiff therefore cannot demonstrate that the Individual Defendants had constructive notice of his action via the identity of interest theory within the Rule 4(m) period, as required by Rule 15(c)(1)(C).

It is true, as Plaintiff points out, that an extension to the Rule 4(m) period may be granted for good cause shown. *See* Fed. R. Civ. P. 15(c) Advisory Committee Notes (1991 Amendment). In an opposition to a motion to dismiss filed by a number of the Individual Defendants, which Plaintiff filed after oral argument on Defendants' Objection, Plaintiff argues that good cause exists to extend the Rule 4(m) period because he was unable, despite the exercise of diligence, to identify the Individual Defendants in a more timely manner. Of course, the

11

inability to locate the Individual Defendants goes to Plaintiff's failure to provide those defendants with *actual* notice. However, Judge Davis expressly found that there was insufficient evidence to conclude that the Individual Defendants had received adequate actual notice (Tr. 48:18-22), and instead based his ruling on a finding of *constructive* notice. What is relevant, then, is whether good cause exists to extend the Rule 4(m) period with respect to the Supervisor Defendants, through whom Judge Davis imputed notice to the Individual Defendants. *Cf. Schiavone*, 477 U.S. at 29 (examining whether there was proper notice to originally named party that could be imputed to new party). In this regard, Plaintiff offers no explanation as to why the Supervisor Defendants could not have been served with the original complaint within the 120-day period prescribed by Rule 4(m).

As such, Judge Davis' conclusion that the Individual Defendants were placed on constructive notice via the identity of interest theory was clearly erroneous. Plaintiff has failed to establish that the Individual Defendants received notice of this action -- actual or constructive -- as required by Rule 15(c)(1)(C). The claims which Plaintiff seeks to assert against the Individual Defendants therefore do not relate back to

Plaintiff's original complaint and amendment would be futile.[9] Accordingly, Plaintiff's Motion to Amend should have been denied, and Defendants' Objection will be sustained.

### IV.   Conclusion

For these reasons, the Court will sustain Defendants' Objection.

An appropriate Order will issue.

|  |  |
|---|---|
| July 6, 2012 | /s/ |
| Alexandria, Virginia | James C. Cacheris |
|  | UNITED STATES DISTRICT COURT JUDGE |

---

[9] The Court therefore need not address Defendants' argument that amendment would be unduly prejudicial because Plaintiff's failure to identify the Individual Defendants was solely due to Plaintiff's neglect.

13