IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| JOHN P. CREED, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|         v. | )   1:12cv317 (JCC/IDD) |
| | ) |
| GLENDELL HILL, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff John P. Creed's ("Plaintiff") Objection to the Court's July 6, 2012, Memorandum Opinion and Order sustaining Defendants' Objection to Magistrate Judge Ivan Davis' May 11, 2012, Ruling and Order granting Plaintiff's Motion to Amend (the "Objection") [Dkt. 109]. Also before the Court are Plaintiff's Motion for Reconsideration [Dkt. 110] and Defendants Prince William-Manassas Regional Jail Board, Glendell Hill, Charles Land, and Peter Meletis' (collectively, "Defendants") Motion to Strike Plaintiff's Objection. [Dkt. 116.] For the following reasons, the Court will grant Defendants' Motion to Strike and deny Plaintiff's Motion for Reconsideration.

**I. Background**

    A.    <u>Factual Background</u>

Plaintiff John Creed brought this action after his brother, William Creed ("Creed"), died while in custody at the Prince William-Manassas Regional Adult Detention Center (the "ADC") on February 3, 2006. After Creed allegedly became combative and resistant during a medical examination, certain jail guards restrained him. (Second Am. Compl. ("SAC") [Dkt. 1-2] ¶¶ 36-39.) Creed was placed in a choke hold and then stopped breathing. (SAC ¶ 39.) The autopsy report noted Creed's cause of death as "acute stress-induced cardiac arrhythmia due to acute restraint-induced asphyxia and blunt trauma." (SAC ¶ 43.)

    B.    <u>Procedural Background</u>

Plaintiff originally filed suit in the Circuit Court of Prince William County on February 1, 2008. Defendants were never served with this complaint. On June 30, 2008, Plaintiff filed an Amended Complaint. (1:08cv862 [Dkt. 1].)[1] The defendants named in the Amended Complaint included the Commonwealth of Virginia (the "Commonwealth"), Prince William County Sheriff Glendell Hill ("Hill"), ADC Superintendent Charles Land ("Land"), ADC Director of Inmate Services Peter

---

[1] This case is before the Court for a second time, having been remanded to state court but later re-removed. On its previous sojourn in this Court, the case had a different case number. References to filings made prior to remand will reflect that case number.

2

Meletis ("Meletis"),[2] and various unknown John Does (the "John Doe Defendants"). (*Id.* Ex. A ¶¶ 2-7.) Plaintiff alleged negligence pursuant to the Virginia Tort Claims Act ("VTCA") against the Commonwealth of Virginia, gross negligence and willful and wanton negligence against all defendants, and violations of 42 U.S.C. § 1983 against the John Doe Defendants and Supervisor Defendants. The defendants named in the Amended Complaint were served on August 6, 2008.

Plaintiff filed a Second Amended Complaint in Prince William County Circuit Court on April 30, 2009. [Dkt. 1-2.] The defendants named in the Second Amended Complaint included the Commonwealth, the ADC, the Supervisor Defendants, the Prince William-Manassas Regional Jail Authority (the "Jail Authority"), the Prince William-Manassas Regional Jail Board (the "Jail Board"), and the John Doe Defendants. On March 10, 2010, Plaintiff filed a Motion for Leave to File an Amended Complaint to Substitute the Names of Certain Defendants (the "Motion to Amend"). [Dkt. 17-1.] In this motion, Plaintiff sought to add certain jail guards as defendants in place of the John Doe Defendants.

On March 16, 2012, the state court entered a non-suit order, dismissing the Commonwealth as a defendant. [Dkt. 1-1.] The remaining defendants removed the case to this Court on March

---

[2] Hill, Land, and Meletis are collectively referred to herein as the "Supervisor Defendants."

3

21, 2012. [Dkt. 1.] Prior to that time, no decision had been made on Plaintiff's Motion to Amend. On April 23, 2012, Plaintiff filed a renewed Motion to Amend in this Court. [Dkt. 16.] Defendants filed an opposition to the Motion to Amend on May 1, 2012 [Dkt. 20], to which Plaintiff replied on May 4, 2012 [Dkt. 24]. On May 11, 2012, Magistrate Judge Ivan Davis granted Plaintiff's Motion to Amend. [Dkt. 27.]

Plaintiff filed a Third Amended Complaint on May 14, 2012. [Dkt. 28.] In the Third Amended Complaint, Plaintiff added nineteen individuals as defendants (collectively, the "Individual Defendants"),[3] at the same time continuing to name various unknown individuals as John Doe Defendants. He also withdrew the ADC and the Jail Authority as defendants in this case. Plaintiff's claims included: (1) negligence against the Jail Board (Count One); (2) gross negligence and willful and wanton negligence against all defendants (Counts Two and Three); (3) a Section 1983 claim against the Individual Defendants and John Doe Defendants (Count Four); and (4) a Section 1983 supervisory liability claim against the Supervisor Defendants (Count Five).

On May 18, 2012, Defendants filed an Objection [Dkt. 33] to Judge Davis' Ruling and Order granting Plaintiff's Motion

---

[3] These individuals include Otis Whitehead, Kevin Delaney, Ralph Justice, Terry Short, Harry Sepulveda, David Beard, Mary Ann Husk, Barclay Duegaw, Jason Lee Kohne, David Wright, Andrew Arnold, Peter Sloper, William Smith, Jason Allen, Sonny Bettis, Robert Hendricks, Tracy Allen, Wayne Wynkoop, and Carl Larry.

to Amend. Plaintiff filed an opposition on May 31, 2012, [Dkt. 39], to which Defendants replied on June 4, 2012, [Dkt. 40]. On July 6, 2012, this Court issued a Memorandum Opinion and Order sustaining Defendant's Objection to Judge Davis' Ruling and Order and dismissing the Individual Defendants from this case.[4] [Dkts. 102-03.]

On July 20, 2012, Plaintiff filed an Objection to the Court's Memorandum Opinion and Order sustaining Defendants' Objection to Judge Davis' Ruling and Order as well as a Motion for Reconsideration. [Dkts. 109-10.] On July 26, 2012, Defendants filed an opposition to Plaintiff's Motion for Reconsideration and a Motion to Strike Plaintiff's Objection. [Dkts. 115-16]. Plaintiff filed a reply to Defendants' opposition on July 27, 2012, [Dkt. 119], and a response to Defendants' Motion to Strike on August 3, 2012, [Dkt. 120].

Plaintiff's Objection and Motion for Reconsideration, and Defendants' Motion to Strike are before the Court.

## II. Standard of Review

The Federal Rules of Civil Procedure do not provide a vehicle for a "motion for reconsideration." Rather, they provide for a Rule 59(e) motion to alter or amend a judgment or a Rule 60(b) motion for relief from judgment. Plaintiff does not specify whether he is bringing his Motion for

---

[4] That same day, the Court also issued an Amended Order dismissing the ADC and the Jail Authority from Plaintiff's again-operative Second Amended Complaint. [Dkt. 104.]

Reconsideration pursuant to Rule 59(e) or 60(b). Pursuant to Rule 59(e), "a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Fourth Circuit has interpreted a motion for reconsideration as a motion to alter or amend a judgment pursuant to Rule 59(e) where that motion has been filed within the specified time period. *See Lee-Thomas v. Prince George's County Pub. Sch.*, 666 F.3d 244, 247 n.4 (4th Cir. 2012); *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 n.4 (4th Cir. 2011). Here, Plaintiff's Motion for Reconsideration was filed within 28 days of the Court's Memorandum Opinion and Order sustaining Defendants' Objection to Judge Davis' Ruling and Order. Accordingly, the motion will be construed as a Rule 59(e) motion to alter or amend a judgment. *See* Fed. R. Civ. P. 59(e).

"A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002) (quoting *Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 236 (4th Cir. 1994)) (internal quotations omitted). A party's mere disagreement with the court's ruling does not warrant a Rule

59(e) motion, and such motions should not be used "to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Rather, the purpose of a Rule 59(e) motion is to allow "a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Id.* (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)). A Rule 59(e) motion is "an extraordinary remedy which should be used sparingly." *Pac. Ins. Co.*, 148 F.3d at 403.

### III. Analysis

A. <u>Objection</u>

As an initial matter, Plaintiff's Objection, brought pursuant to Federal Rule of Civil Procedure 46, is unnecessary. Rule 46 provides as follows:

> A formal exception to a ruling or order is unnecessary. When the ruling or order is requested or made, a party need only state the action that it wants the court to take or objects to, along with the grounds for the request or objection. Failing to object does not prejudice a party who had no opportunity to do so when the ruling or order was made.

Fed. R. Civ. P. 46.

Before the enactment of Rule 46, the failure to except to a court's ruling often meant that a party lost its right to appeal an error made by the court in connection with that ruling. *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc*., 99 F.R.D. 99, 101 (E.D. Va. 1983). In time, this practice became a formality, with exceptions voiced at every ruling, but the failure to do so remaining a bar to appeal. *Id.* The practice of taking exceptions was eventually replaced by the more sensible practice set forth in Rule 46. Rule 46 requires only that "a party make known to the Court the ruling it desires and the grounds therefor. No magic words or phrases are required" and "[t]he words 'exception' or 'objection' need not be uttered." *Id.*

Plaintiff, in multiple briefs, argued that the filing of a Third Amended Complaint would not be futile and, more specifically, that the relation-back doctrine was applicable. Thus, Plaintiff made his position concerning amendment known, and the requirements of Rule 46 were therefore satisfied. *See id*. Rather than merely note his exceptions to the Court's Memorandum Opinion and Order sustaining Defendants' Objection to Judge Davis' Ruling and Order, what Plaintiff actually seeks is reconsideration. (*See* Objection [Dkt. 109] 12 (requesting that the Court sustain his Objection to its Memorandum Opinion and Order and overrule Defendants' Objection to Judge Davis' Ruling

and Order).)  Plaintiff's request for reconsideration has, of course, been accomplished by his filing of a Motion for Reconsideration, which also, it turns out, incorporates the arguments made in his Objection.  (Pl.'s Mem. in Supp. of Mot. for Recons. [Dkt. 111] 4.)  As such, Plaintiff's Objection is superfluous and Defendants' Motion to Strike will be granted.[5]

      B.    Motion for Reconsideration

In addressing Plaintiff's Motion for Reconsideration, a brief review of Judge Davis' Ruling and Order, as well as this Court's Memorandum and Opinion and Order sustaining Defendants' Objection to that Ruling and Order, is necessary.  The relevant issue before Judge Davis was whether Plaintiff's claims against the Individual Defendants, although asserted outside the applicable limitations period, were nevertheless saved by the relation-back doctrine.  Pursuant to Federal Rule of Civil Procedure 15(c)(1)(C), an amended complaint which adds a new party may relate back to the original complaint where three requirements are met: (1) the claim against the new party arose out of the same conduct, transaction, or occurrence set forth in the original pleading; (2) within the period provided by Rule 4(m) for service of the summons and complaint (ordinarily 120 days from when the complaint is filed), the new defendant

---

[5] To be clear, the Court will consider those arguments in Plaintiff's Objection because they are incorporated by reference in the Motion for Reconsideration.  It bears mentioning, however, that Plaintiff's circuitous procedure for seeking reconsideration has only served to complicate the Court's resolution of this matter.

received such notice of the action that it will not be prejudiced in maintaining a defense; and (3) within the same period, the new defendant knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against that party. Fed. R. Civ. P. 15(c)(1)(C). In finding the requirements for relation back satisfied, Judge Davis concluded that Plaintiff had sufficiently established an identity of interest between the Individual Defendants and the Supervisor Defendants, such that the Individual Defendants had constructive notice of this action.

This Court found Judge Davis' conclusion clearly erroneous and contrary to law. (Mem. Op. [Dkt. 102] 9.) The Court's decision was based on the fact that the Supervisor Defendants were not served with the complaint in this case until six months after the statute of limitations expired, *i.e.*, outside the 120-day period prescribed by Rule 4(m). (Mem. Op. 10.) As such, there was no proper notice to the Supervisor Defendants which could be imputed to the Individual Defendants within the timeframe required by Rule 15(c)(1)(C). (Mem. Op. 11.)

In his Motion for Reconsideration, Plaintiff asks the Court to reverse its decision or, in the alternative, remand this matter back to Judge Davis to consider Plaintiff's arguments in light of "new evidence." Plaintiff argues that in

sustaining Defendants' Objection to Judge Davis' Ruling and Order, this Court committed "errors of apprehension." (Pl.'s Mem. in Supp. of Mot. for Recons. 3.)  According to Plaintiff, those errors are as follows:  (1) the Court's failure to consider whether it should exercise its discretion, even in the absence of good cause, and extend the 120-day period for Plaintiff to serve the Supervisor Defendants; and (2) the Court's failure to consider whether or not good cause existed to extend the 120-day period to provide actual notice to the Individual Defendants and/or whether it should grant such an extension even in the absence of good cause. (*Id.*)  Plaintiff's argument is without merit.

First and foremost, Plaintiff himself failed to address the Rule 4(m) issue in his briefing before the Court. The issue was not raised in Plaintiff's memorandum in support of his Motion to Amend, his reply to Defendant's opposition thereto, or in his opposition to Defendant's Objection.  Rather, Plaintiff asserted, in conclusory fashion, that the Supervisor Defendants "have been aware of the lawsuit since it was filed," (Pl.'s Mem. in Supp. of Mot. to Amend [Dkt. 17] 8), thereby skirting the Rule 4(m) issue altogether.  The Court explained in its Memorandum Opinion why this assertion failed, (*see* Mem. Op. 10 n.8), and Plaintiff does not challenge the Court's reasoning.

11

Plaintiff did not argue that Rule 4(m)'s 120-day period should be extended until oral argument, and in an opposition to a motion to dismiss filed by a number of the Individual Defendants, which Plaintiff filed *after* oral argument. [Dkt. 96.] As such, the Rule 4(m) issue was not even properly before the Court in connection with Defendants' Objection. *See Lucas v. Henrico Cnty. Sch. Bd.*, 822 F. Supp. 2d 589, 601 n.10 (E.D. Va. 2011) (declining to address argument raised for the first time during oral argument); *N.C. Alliance for Transp. Reform, Inc. v. U.S. Dep't of Transp.*, 713 F. Supp. 2d 491, 510 (M.D.N.C. 2010) ("Raising such new arguments for the first time at oral argument undermines the purpose of orderly briefing and risks subjecting an opponent to an unfair disadvantage."). For the sake of completeness, the Court acknowledged that an extension of the Rule 4(m) period is contemplated under the Advisory Committee Notes to Rule 15(c), and explained why an extension was not appropriate in this case. (Mem. Op. 11-12.) Given Plaintiff's own neglect of the Rule 4(m) issue, his assertion that the Court committed an error of apprehension by not further exploring grounds for extending the Rule 4(m) period is not well taken.

Even if Plaintiff had properly raised the Rule 4(m) issue, reconsideration would still be unwarranted. Plaintiff's first argument is that this Court should have exercised its

discretion and extended the Rule 4(m) period as to the Supervisor Defendants even in the absence of good cause. As an initial matter, it is important to note the Fourth Circuit's decision in *Mendez v. Elliott*, 45 F.3d 75, 78-79 (4th Cir. 1995), that a court may only extend the Rule 4(m) period with a showing of good cause. Subsequent to *Mendez*, the Supreme Court stated in *dicta* that "courts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown.'" *Henderson v. United States*, 517 U.S. 654, 662-63 (1996) (quoting Fed. R. Civ. P. 4(m) Advisory Committee Notes (1993 Amendment)). After *Henderson*, courts in the Fourth Circuit have been divided over the continuing vitality of *Mendez*. *Compare Lane v. Lucent Techs., Inc.*, 388 F. Supp. 2d 590, 596 (M.D.N.C. 2005) ("[T]he court has discretion to allow a plaintiff to serve a defendant outside the 120-day time period even absent a showing of good cause.") *and Hammad v. Tate Access Floors*, 31 F. Supp. 2d 524, 527-28 (D. Md. 1999) ("[T]his court concludes that *Mendez* is no longer good law and that, if given the opportunity, the Fourth Circuit perforce would adopt the interpretation of Rule 4(m) held by the Supreme Court . . . .") *with In re Hall*, 222 B.R. 275, 278 (Bankr. E.D. Va. 1998) ("Although courts have criticized *Mendez*, it remains binding precedent in this circuit.").

The Court need not weigh in on this matter because, assuming that good cause is not required, Plaintiff fails to demonstrate that extension of the Rule 4(m) period as to the Supervisor Defendants would be appropriate. The one case Plaintiff cites in support of his argument is readily distinguishable. In *Gipson v. Wells Fargo Corp.*, 382 F. Supp. 2d 116, 117 (D.D.C. 2005), the plaintiff mistakenly filed her initial employment discrimination complaint against Wells Fargo Corporation instead of her actual employer, Wells Fargo Home Mortgage, Inc. The identity of the plaintiff's employer was obscured by a corporate name change that took place after the plaintiff filed her charge of discrimination with the Equal Employment Opportunity Commission as well as information received by the plaintiff's attorney from the D.C. Corporation Commission stating that Wells Fargo was registered to conduct business under the name "Wells Fargo Corporation." *Id.* at 118. The plaintiff first became aware that she had named the wrong entity in her original complaint after the Rule 4(m) period had passed, but then promptly filed an amended complaint and served the defendants. *Id.* at 122.

Here, by contrast, there is no evidence that Plaintiff lacked knowledge as to the identities of the Supervisor Defendants until after the Rule 4(m) period had expired. To the contrary, the Supervisor Defendants were properly named in

14

Plaintiff's original complaint, filed within the statute of limitations. While Plaintiff may have exercised diligence in attempting to uncover the identities of the Individual Defendants, the same cannot be said with respect to his efforts to serve the Supervisor Defendants. *See Hoffman v. Baltimore Police Dep't*, 379 F. Supp. 2d 778, 786 (D. Md. 2005) ("Were the Court to assume that . . . a finding of good cause is not required, the Court would still need to have some reasoned basis to exercise its discretion and excuse the untimely service: the Court must give some import to the rule."). Simply put, Plaintiff fails to articulate a reasoned basis for extending the Rule 4(m) period as to the Supervisor Defendants.

Plaintiff's second argument is that the Court should have extended the Rule 4(m) period such that actual notice to the Individual Defendants could be considered timely rendered. At the same time, however, Plaintiff concedes that the Individual Defendants had no actual notice of this action as of May 11, 2012, "as such notice could not be effectuated until the identities of the [Individual] Defendants were known and substituted." (Objection [Dkt. 109] 2 n.2.)

The statute of limitations in this case expired on February 3, 2008, and thus the Rule 4(m) period expired on June 2, 2008. The Individual Defendants were first served with the Third Amended Complaint beginning on June 1, 2012. [*See* Dkts.

15

58-71, 95, 108] Thus, Plaintiff would have the Court extend the Rule 4(m) period *four years* as it relates to the Individual Defendants. Plaintiff, however, cites no authority that supports an extension of such magnitude. This unsupported and strained argument warrants neither reconsideration nor a remand of this matter to Judge Davis.

The Court is not unsympathetic of the death of Plaintiff's brother, or the difficulties Plaintiff encountered in attempting to identify the Individual Defendants. But at the same time, the Court must be mindful of the policy considerations behind Rule 15(c) -- that is, to protect the salutary purposes of statutes of limitations, certainty and repose. Were the Court to allow a four-year extension to the Rule 4(m) period, those purposes would be vitiated. Indeed, it would be hard to envision a scenario where a plaintiff forced to name "John Doe" defendants would not enjoy an end-run around the rule so long as he eventually located and served them. Under the Fourth Circuit's interpretation of Rule 15(c), "*[m]ost parties substituted for 'Doe' defendants would be protected against being added either because they were prejudiced or because they did not have proper notice.*" *Goodman v. Praxair, Inc.*, 494 F.3d 458, 471 (4th Cir. 2007) (emphasis added). If a four-year extension to the Rule 4(m) period were permissible,

that rule would become the exception, and John Doe defendants would have virtually no protection at all.

### IV. Conclusion

For these reasons, the Court will deny Plaintiff's Motion for Reconsideration and grant Defendants' Motion to Strike.

An appropriate Order will issue.

|  |  |
|---|---|
| August 24, 2012 | /s/ |
| Alexandria, Virginia | James C. Cacheris |
|  | UNITED STATES DISTRICT COURT JUDGE |